05CV2315 JRT/RLE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Denise J. Counsell,                           Court File No.: _____

        Plaintiff,

                                       **COMPLAINT**

v.                                           **(Jury Trial Demanded)**

Nystrom & Associates, Ltd.

        Defendant.

Plaintiff, Denise J. Counsell for her complaint against Nystrom & Associates, Ltd. states and alleges as follows:

### PARTIES

1.    Denise J. Counsell is an individual who resides at 5468 Bryee Avenue, City of Inver Grove Heights, County of Ramsey, State of Minnesota.

2.    Nystrom & Associates, Ltd. is a domestic corporation doing business at 1900 Silver Lake Road, Suite 110, New Brighton, MN 55112.

### JURISDICTION & VENUE

3.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. ("FMLA"). Plaintiff further invokes supplemental jurisdiction of this Court to consider claims under state law.

4.    Plaintiff also asserts claims under Minn. Stat. § 181.13 and Minn. Stat. § 363A.03 et seq. for which jurisdiction is based on the doctrine of pendent jurisdiction.

SCANNED
SEP 3 0 2005
U.S. DISTRICT COURT MPLS

5.     Venue is proper under 28 U.S.C. 1391 (2003), because the unlawful practice described herein have been committed in the District of Minnesota, and the employment records relevant to those practices are, on information and belief, maintained and administered in the offices of Defendant in the District of Minnesota.

## FACTUAL ALLEGATIONS

6.     Plaintiff began her employment with Defendant on September 17, 2002 as a psychiatric physician's assistant.

7.     As a term of her employment agreement, Plaintiff was to receive fifty-four (54) percent of all production in commission for her work.

8.     Plaintiff has not received all of her commissions under her employment agreement.

9.     Plaintiff suffers from celiac sprue, refractory diarrhea and hypokalemia. These serious medical conditions materially limit Plaintiff's ability to conduct major life activities, including, but not limited to, caring for herself and eating.

10.    Plaintiff's serious medical conditions did not impair her ability to perform the essential functions of her position as a psychiatric physician's assistant.

11.    In or around February 2004, Plaintiff requested leave under the FMLA and submitted a Certification of Health Care Provider along with her request.   The Certification confirmed that Plaintiff suffered from a serious health condition.

12.    Defendant initially denied Plaintiff's FLMA request but later rescinded its denial on March 19, 2004.

13.    Plaintiff's intermittent FMLA leave became effective on March 29, 2004.

14.     In or around April 2004, Defendant informed Plaintiff that she was required to give notice 24 hours in advance if she was going to be absent from work.  Defendant told Plaintiff that the 24-hour notice was a company guideline.

15.     Plaintiff informed Defendant that due to the nature of her serious medical condition, she could not guarantee Defendant that she could provide notice of her leave 24 hours in advance.  Plaintiff stated that she would try to notify Defendant as soon as practicable under the circumstances.

16.     On or about October 5, 2004, Plaintiff received a termination memorandum from Defendant.  The memorandum stated that the decision to terminate Plaintiff was "based most immediately on your recent failures to follow the Guidelines . . ."

17.     During her employment, Plaintiff paid her own expenses of malpractice insurance.

18.     Upon her departure, Defendant received a reimbursement from Plaintiff's malpractice insurance for overpayment due and owing to Plaintiff.

19.     Defendant retained the reimbursement and deprived Plaintiff of her right to it.

## COUNT I

**Violation of the Family & Medical Leave Act, 29 U.S.C. § 2601 et seq.**

20.     By reference hereto, Plaintiff incorporates Paragraphs 1-19 of her Complaint.

21.     Plaintiff and Defendant were employee and employer respectively for purpose of the definitions set forth in 29 U.S.C. § 2611 (2) and (4).

3

22.     The Family and Medical Leave Act gives eligible employees the right to as many as 120 days for unpaid leave per year because of a serious health condition which makes the employee unable to perform his or her job.   29 U.S.C. § 2612(a)(1)(d). Plaintiff suffers from a serious health condition.

23.     29 U.S.C. § 2615(a)(1) forbids an employer from interfering, restraining or denying the exercise of rights to statutorily protected leave.

24.     Defendant's conduct herein described constitutes interference and restraint in violation of 29 U.S.C. § 2615(a)(1).

25.     As a result of Defendant's violations of 29 U.S.C. § 2615(a)(1), Plaintiff has suffered and will likely continue to suffer loss of income, employment benefits and other compensation, and other damages in an amount in excess of $75,000.00.

## COUNT II

### Disability Discrimination in Violation of the Minnesota Human Rights Act

26.     By reference hereto, Plaintiff incorporates Paragraphs 1-25 of her Complaint.

27.     Plaintiff and Defendant were employee and employer within the meaning of Minn. Stat. § 363A.03 subds. 15 and 16.

28.     Minn. Stat. § 363A.03 subd. 12 defines a person with a disability as "any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." As such, Plaintiff is disabled.

4

29.   Plaintiff was able to perform the essential functions of her position as a psychiatric physician's assistant with or without reasonable accommodation.

30.   Defendant terminated Plaintiff because of her disability.

31.   Minn. Stat. § 363A.08 subd. 2 prohibits an employer from discharging an employee because of a disability.

32.   Defendant's conduct violated Minn. Stat. § 363A.08 subd. 2.

33.   As a direct result of Defendant's conduct, Plaintiff has suffered and will likely continue to suffer loss of income, employment benefits and other compensation, and other damages in an amount in excess of $75,000.00.

## COUNT III

### Failure to Provide Reasonable Accommodation in
### Violation of the Minnesota Human Rights Act

34.   By reference hereto, Plaintiff incorporates Paragraphs 1-33 of her Complaint.

35.   Minn. Stat. § 363A.08 subd. 6 requires employers to reasonably accommodate qualified disabled employees.

36.   Defendant failed to reasonably accommodate Plaintiff.

37.   Defendant's conduct violated Minn. Stat § 363A.08 subd. 6.

38.   As a direct result of Defendant's conduct, Plaintiff has suffered and will likely continue to suffer loss of income, employment benefits and other compensation, and other damages in an amount in excess of $75,000.00.

5

## COUNT IV

### Violation of Minn. Stat. § 181.13

39.     By reference hereto, Plaintiff incorporates paragraphs 1-38 above of her Complaint.

40.     Minn. Stat. § 181.13 provides that "when any employer employing labor with this state discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee. If the employee's earned wages and commissions are not paid within 24 hours after demand, . . . the employer is in default [and] the discharged employee may charge and collect the amount of the employee's average daily earnings . . . for each day up to 15 days that the employer is in default. . . ."

41.     Defendant has violated Minn. Stat. § 181.13 with respect to its failure to pay Plaintiff her earned commissions at the time she was discharged despite her demand for it to do so.

42.     As a direct result thereof, Plaintiff is entitled to recover her unpaid commissions, the 15-day penalty provided by the statute, and her attorneys' fees, reasonable costs, disbursements and witness fees.

## COUNT V

### Conversion

43.     By reference hereto, Plaintiff incorporates Paragraphs 1-42 of her Complaint.

44.    Plaintiff had a property interest in the reimbursement of her malpractice premium.

45.    Defendant received Plaintiff's reimbursement and retained it for its own use.

46.    Defendant's conduct deprived Plaintiff of her property interest.

47.    As a direct result of Defendant's conduct, Plaintiff has suffered a loss of property interest in the amount of $779.00.

## COUNT VI

### In the alternative to Count IV, Breach of Contract

48.    By reference hereto, Plaintiff incorporates paragraphs 1-47 of her Complaint.

49.    A contract, express and implied, written and oral, exists between Plaintiff and Defendant.

50.    The contract calls for Defendant to pay Plaintiff fifty-four (54) percent of all production.

51.    Defendant breached this contract.

52.    As a result of Defendant's breach of contract, Plaintiff has suffered damages.

## COUNT IV

### In the alternative to Counts IV and Count VI, Unjust Enrichment

53.    By reference hereto, Plaintiff incorporates paragraphs 1 – 52 of her Complaint.

7

54.    Defendant knowingly and fraudulently received, and will continue to receive, income resulting from Plaintiff's work without paying Plaintiff commissions earned on that work.

55.    Accordingly, Defendant has been unjustly enriched.

56.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    That the practices of Nystrom & Associates, Ltd. complained of herein be determined and adjudged to constitute violations of the Family & Medical Leave Act, 29 U.S.C. § 2601 et seq.;

2.    That Plaintiff be rewarded all relief available under the Family & Medical Leave Act, 29 U.S.C. § 2601 et seq., including all past, present and future wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violations, liquidated damages, attorney's fees and costs, and interest on all amounts pursuant to 29 U.S.C. § 2617;

3.    That the practices of Nystrom & Associates, Ltd. complained of herein be determined and adjudged to constitute violations of the Minnesota Huamn Rights Act, Minn. Stat. § 363A.03 et. seq.;

4.    That Plaintiff be awarded all relief available under Minn, Stat. § 363A.02 et. seq. including punitive damages, and an amount equal to three times her compensatory damages, pursuant to Minn. Stat. § 363A.29 (2005), in an amount to be determined at trial, with interest on such amount;

5.    For compensatory damages for mental anguish and emotional distress in an amount in excess of $75,000;

6.    For an award to Plaintiff of attorney's fees and the costs of this action, pursuant to 42 U.S.C. §12101 et seq. (2003), Minn. Stat. § 363A.02 et seq. (2005);

7.  For an award to Plaintiff of all relief available under Minn. Stat. § 181.13, including but not limited to, compensatory damages, penalty, and attorney's fees and costs;

8.  For a civil penalty against Defendant pursuant to Minn. Stat. § 363A.29 (2005); and

9.  For such other and further relief as the Court deems just.

DATED:  9/30/05

NICHOLS KASTER & ANDERSON, PLLP


Steven Andrew Smith #260836
Katherine C. Bischoff #338266
80 South Eighth Street
4600 IDS Center
Minneapolis, MN 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

ATTORNEYS FOR PLAINTIFF

5 4 5 2 5

# NICHOLS KASTER & ANDERSON, PLLP
### ATTORNEYS AT LAW

Donald H. Nichols†
James H. Kaster* †
J. Poage Anderson
John A. Fabian, III
Paul J. Lukas
Steven Andrew Smith
Michele R. Fisher
Adam A. Gillette
Jessica J. Clay
Kate C. Bischoff
Rachhana T. Srey

*Also Admitted in Wisconsin
† Certified Civil Trial Specialist

4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2242

TELEPHONE: (612) 256-3200
FAX: (612) 338-4878
DIRECT: (612) 256-3216
E-MAIL: larson@nka.com
WEB: www.nka.com

September 30, 2005

**VIA MESSENGER**
Clerk of Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

  ***Re:***  ***Denise Counsell v. Nystrom & Associates, Ltd.***

Dear Clerk of Court,

Enclosed please find for filing, the originals of the following:

  1.  Summons;
  2.  Complaint;
  3.  Civil Coversheet; and
  4.  Filing Fee.

      Sincerely,

      **NICHOLS KASTER & ANDERSON, PLLP**

      Heather J. Larson
      Paralegal to Kate C. Bischoff

Encl.